UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Crhistian Alejandro Lagos Carrasco

v.                                                          Civil No. 1:25-cv-400-SE

Patricia Hyde, et al.,

O R D E R

Crhistian Alejandro Lagos Carrasco petitions this court under 28 U.S.C. § 2241 for an

order directing an immigration judge (IJ) to grant him a bond hearing. For the reasons stated

below, the court concludes that Lagos is entitled to such relief.[1]

Background

Lagos is a citizen of Honduras who has lived in the United States since 2007. It appears

that Lagos did not interact with immigration authorities at any juncture during his eighteen years

in the United States prior to August 2025.

U.S. Immigration & Customs Enforcement encountered Lagos on August 11, 2025, in

Norwalk, Connecticut and arrested him. On that date, ICE issued him a standard Form I-200,

Warrant for Arrest of Alien. Doc. no. 9-2. That same day, ICE served Lagos a Form I-862,

Notice to Appear, charging him as "an alien present in the United States who has not been

admitted or paroled." Doc. no. 9-1 at 1.

---

[1] Mindful of the separation of powers, the court requests, but does not order, the
Immigration Judge to consider the merits of Lagos's request for release under 8 U.S.C. §
1226(a), based on the due process considerations noted herein.

The warrant in this case states that it was served on Lagos on August 25, 2025, while Lagos was detained at the Strafford County House of Corrections. Doc. no. 9-2. The certificate of service on the warrant is signed by an ICE agent and attests that the contents of the warrant were read to Lagos in Spanish at the time of service. Id.

At some point after his arrest, Lagos sought a custody redetermination before an IJ. Lagos alleges that he requested bond but the IJ denied the request, relying on Matter of M-S, 27 I. & N. Dec. 509 (A.G. 2019), Matter of Q. Li, 29 I. & N. Dec. 66 (BIA 2025), and Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025). Lagos remains detained at the Strafford County House of Corrections.

Discussion

Lagos seeks a bond hearing before an IJ, arguing that he is detained pursuant to 8 U.S.C. § 1226(a). The respondents maintain that Lagos "is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)," and that Lagos is "mistaken" that he is detained under § 1226(a). Based on the specific facts of this case, the respondents are wrong.

ICE's warrant expressly authorized Lagos's arrest "pursuant to sections 236 and 287 of the Immigration and Nationality Act." Doc. no. 9-2. Those sections of the INA are codified at 8 U.S.C. § 1226 and § 1357, respectively. Thus, when an immigration agent read Lagos's I-200 warrant to him in Spanish, Lagos received notice that the government had chosen to detain him pursuant to § 1226 (section 236 of the INA).[2] The face of Lagos's arrest warrant establishes that

---

[2] This approach is consistent with the government's longstanding detention policy of applying § 1226(a) to noncitizens without documentation already present in the United States. See Carlos Augusto Chang Barrios, v. Craig Shepley, et al., No. 1:25-CV-00406-JAW, 2025 WL 2772579, at *9 (D. Me. Sept. 29, 2025).

2

he is detained under the discretionary framework laid out 1226(a), which permits that he may be released on "bond of at least $1,500 . . . or conditional parole." § 1226(a)(2)(A)(B).[3]

Thus, the government chose to execute a warrant under § 1226 when it arrested Lagos, and it may not arbitrarily reverse course by denying him a bond hearing on the false premise that he is detained under § 1225. The court thus concludes, under the specific circumstances of this case, that the IJ erred in finding Lagos statutorily ineligible for a bond hearing. Because Lagos is detained pursuant to § 1226(a), the IJ has jurisdiction to hold a bond hearing, and due process principles counsel that the IJ should exercise that jurisdiction to make an individualized custody determination.

The respondents are therefore ordered to provide Lagos with a bond hearing as soon as practicable to allow the Immigration Court to reconsider his request for release.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

Dated: November 25, 2025

cc: Counsel of Record

---

[3] Lagos alleges that he has no criminal history and, as such, § 1226(c)'s mandatory detention provisions are not applicable. The respondents do not dispute that allegation.

3